**Electronically Filed**
**Intermediate Court of Appeals**
**30691**
**18-MAR-2013**
**09:38 AM**

NO. 30691

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CIVIL NO. 07-1-0070
SHIRLEY BEFITEL, Plaintiff-Appellee, v.
HARRY N. LYCKMAN, Defendant/Third-Party Plaintiff-Appellee,
and
PRESTON S. ONOMURA; JOHN DOES 1-5; JANE DOES 1-5;
DOE PARTNERSHIPS 1-5; DOE ENTITIES 1-5; and
DOE GOVERNMENTAL ENTITIES 1-5, Defendants-Appellees v.
DIANA KAINA, Third-Party Defendant-Appellant.


- - - - - - - - - - - - - - - - - - -


CIVIL NO. 09-1-1645
SHIRLEY BEFITEL, Plaintiff-Appellee, v.
DIANA KAINA; JOHN DOES 1-5; JANE DOES 1-5; DOE
PARTNERSHIPS 1-5; DOE CORPORATIONS 1-5; DOE ENTITIES 1-5;
and DOE GOVERNMENTAL ENTITIES 1-5, Defendants-Appellants.


- - - - - - - - - - - - - - - - - - -


CIVIL NO. 09-1-2313
SHIRLEY BEFITEL, Plaintiff-Appellee, v.
JUNIOR L. STOWERS, JOHN DOES 1-5; JANE DOES 1-5; DOE
PARTNERSHIPS 1-5; DOE CORPORATIONS 1-5; DOE ENTITIES 1-5;
and DOE GOVERNMENTAL ENTITIES 1-5, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

MEMORANDUM OPINION
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

In this appeal arising out of three consolidated personal injury cases, Third-Party Defendant/Third-Party Counterclaimant/Defendant-Appellant Diana Kaina (Kaina) appeals from the "Order Granting Defendant and Third-Party Plaintiff Harry N. Lyckman's Petition for Hearing on the Issue of Good Faith Settlement" (Order), filed on August 18, 2010, in the Circuit Court of the First Circuit (circuit court).[1] The circuit court entered the Order in favor of Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Third-Party Plaintiff/Third-Party Counterclaim Defendant-Appellee Harry N. Lyckman (Lyckman), granting his motion for a good faith settlement determination between Lyckman and Plaintiff-Appellee Shirley Befitel (Befitel), pursuant to Hawaii Revised Statutes (HRS) § 663-15.5 (Supp. 2012).

On appeal, Kaina raises the following points of error:

(1) The circuit court is required to apply the "totality of the circumstances" factors adopted in Troyer v. Adams, 102 Hawai'i 399, 77 P.3d 83 (2003).

(2) The circuit court failed to apply the "totality of the circumstances" factors, instead looking only to the absence of evidence of collusion, fraud, or other wrongful conduct.

(3) In light of the Troyer factors, the circuit court abused its discretion when it determined that a settlement of $5,000 was a good faith settlement.

For the reasons discussed below, we affirm.

I. Background of the Case

This appeal arises from consolidated cases that deal with three separate car accidents involving Befitel. The

_____

[1] The Honorable Rhonda A. Nishimura presided.

2

accident that also involved Lyckman and Kaina was a four-car collision in which Lynda Uyeda (Uyeda) stopped in the zipper lane on the freeway, resulting in Lyckman rear-ending Uyeda, Befitel rear-ending Lyckman, and Kaina rear-ending Befitel, pushing Befitel's car further into Lyckman's car.  Befitel initiated three lawsuits related to the accidents, and various cross-claims, third-party claims, and counterclaims were filed.  The three cases were ultimately consolidated by the circuit court.

Pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 68,[2] Lyckman and Befitel agreed to settle.  Under HRS § 663-15.5, Lyckman petitioned the circuit court for a hearing to determine that his settlement with Befitel was made in good faith.  On August 18, 2010, the court granted Lyckman's petition, determining that the settlement with Befitel was made in good faith.

II.  Discussion

A.    Good Faith Settlement

"Public policy favors the settlement of disputes without resort to the courts, provided such settlements are fairly reached."  Matsuura v. E.I. du Pont de Nemours & Co., 102

---

[2]  HRCP Rule 68 provides, in pertinent part:

Rule 68. OFFER OF SETTLEMENT OR JUDGMENT.

At any time more than 10 days before the trial begins, any party may serve upon any adverse party an offer of settlement or an offer to allow judgment to be taken against either party for the money or property or to the effect specified in the offer, with costs then accrued.  If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall, in accordance with the agreement, enter an order of dismissal or a judgment.  An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.  If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Hawai'i 149, 175, 73 P.3d 687, 713 (2003) (quoting <u>Gossinger v.
Ass'n of Apartment Owners of the Regency of Ala Wai</u>, 73 Haw. 412,
424 n.5, 835 P.2d 627, 634 n.5 (1992)).  "[T]he good faith of the
parties is substantially a function of their states of mind and
the circumstances of which they are aware at the time of
settlement[.]"  <u>Troyer</u>, 102 Hawai'i at 430, 77 P.3d at 114.

HRS § 663-15.5 provides that a good faith settlement
(1) discharges the settling party from liability for contribution
to other joint tortfeasors, (2) bars other joint tortfeasors from
any further claims against the settling joint tortfeasor, except
where there is a written indemnity agreement, and (3) results in
dismissal of all cross-claims against the settling joint
tortfeasor, except where there is a written indemnity agreement.
HRS § 663-15.5(a) and (d).[3]

---

[3]  HRS § 663-15.5(a) provides:

§663-15.5 Release; joint tortfeasors; co-obligors; good
faith settlement. (a) A release, dismissal with or without
prejudice, or a covenant not to sue or not to enforce a judgment
that is given in good faith under subsection (b) to one or more
joint tortfeasors, or to one or more co-obligors who are mutually
subject to contribution rights, shall:

    (1)    Not discharge any other joint tortfeasor or co-obligor
not released from liability unless its terms so
provide;

    (2)    Reduce the claims against the other joint tortfeasor
or co-obligor not released in the amount stipulated by
the release, dismissal, or covenant, or in the amount
of the consideration paid for it, whichever is
greater; and

    (3)    Discharge the party to whom it is given from all
liability for any contribution to any other joint
tortfeasor or co-obligor.

This subsection shall not apply to co-obligors who have expressly
agreed in writing to an apportionment of liability for losses or
claims among themselves.

(continued...)

In Troyer, the Hawai'i Supreme Court adopted a "totality of the circumstances" approach to interpreting the good faith language of HRS § 663-15.5.  Troyer, 102 Hawai'i at 425, 77 P.3d at 109.  The supreme court recognized the legislature's intent to simplify procedures and reduce costs while still providing courts with the "opportunity to prevent collusive settlements aimed at injuring non-settling tortfeasors' interests[.]"  Id. at 427, 77 P.3d at 111.

If the non-settling tortfeasor objects to the settlement, it is that party's burden to prove that the settlement was not made in good faith.  HRS § 663-15.5(b).[4] Further, "the question whether a settlement is given in good faith for purposes of HRS § 663-15.5 is a matter left to the discretion of the trial court in light of all the relevant

---

[3](...continued)
HRS § 663-15.5(d) provides:

 (d)  A determination by the court that a settlement was made in good faith shall:

  (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and

  (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

[4] HRS § 663-15.5(b) provides, in relevant part:

 (b) For purposes of subsection (a), any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, serving notice to all other known joint tortfeasors or co-obligors. . . .

 The petition shall indicate the settling parties and . . . the basis, terms, and settlement amount.
 . . .

[A] nonsettling alleged joint tortfeasor or co-obligor may file an objection to contest the good faith of the settlement. . . .  A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.

circumstances extant at the time of settlement[,]" and therefore we review the trial court's good faith determination for abuse of discretion. Troyer, 102 Hawai'i at 434, 77 P.3d at 118.

B. The Circuit Court Was Not Required To Consider Every Troyer Factor

Kaina argues that the "totality of the circumstances" approach adopted in Hawai'i requires the circuit court to consider each of the following Troyer factors:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer, 102 Hawai'i at 427, 77 P.3d at 111. We disagree.

In deciding Troyer, the supreme court allowed for the circuit court's discretion by providing that "the trial court may consider the [Troyer] factors to the extent that they are known at the time of settlement[.]" Id. (emphasis added). Furthermore, the supreme court observed that the list of Troyer factors "is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith." Id. Because "[t]he determination of good faith is left to the discretion of the trial court, based on all relevant facts available at the time of the settlement, and is not disturbed in the absence of an abuse thereof[,]" we conclude that Kaina incorrectly asserts that the circuit court must apply each of the Troyer factors in determining that a settlement was made in good faith. Troyer, 102 Hawai'i at 422, 77 P.3d at 106.

6

C.    The Circuit Court Did Not Abuse Its Discretion

With regard to her second point of error, Kaina contends that the circuit court simply "rubber stamped" the settlement agreement between Lyckman and Befitel, and that the circuit court applied the "non-collusive" or "non-tortious conduct" standard, which had been rejected by the supreme court in favor of the "totality of the circumstances" approach.

Under the "non-collusive" or "non-tortious conduct" standard, "a settlement is deemed to be in good faith absent collusion, fraud, dishonesty, or other wrongful conduct." Troyer, 102 Hawai'i at 422, 77 P.3d at 106.  However, under the "totality of the circumstances" approach,

> the legislature's goals of simplifying the procedures and reducing the costs associated with claims involving joint tortfeasors, while providing courts with the opportunity to prevent collusive settlements aimed at injuring non-settling tortfeasors' interests, are best served by leaving the determination of whether a settlement is in good faith to the sound discretion of the trial court in light of the totality of the circumstances surrounding the settlement.

Id. at 427, 77 P.3d at 111.  Both standards require the court to consider whether there was evidence of wrongful conduct.  Id. at 422, 427, 77 P.3d at 106, 111.  Here, the information before the circuit court was not limited to potential wrongful conduct.

Kaina further asserts that Lyckman failed to provide evidence that would enable the circuit court to apply the "totality of the circumstances" analysis to conclude the settlement was made in good faith.  Kaina argues further that she submitted evidence establishing that the settlement was made in bad faith.  She argues that her evidence showed that Lyckman had significant liability exposure, the settlement amount was far less than the limits of Lyckman's insurance policy, and the settlement amount was far less than the damages Befitel originally sought.

7

Kaina also asserts that the Order was "devoid of any fact or conclusions evidencing the employment of the required criteria under Troyer, or the employment of any criteria whatsoever," and she points out that the circuit court failed to respond to her request to provide findings of facts and conclusions of law.

First, we note that the circuit court has no duty to enter findings of facts and conclusions of law. Kaina fails to point to any rule, statute, or any other authority requiring the circuit court to enter findings of fact and conclusions of law related to its ruling on a petition for good faith settlement.

Next, the circuit court may determine the issue of good faith based on affidavits or declarations served with the petition, affidavits or declarations filed in response, and, at its discretion, the court may receive evidence at the hearing. HRS § 663-15.5(c). Moreover, as the party challenging the petition, it was Kaina's burden to prove that the settlement was not in good faith. In the circuit court, Lyckman submitted his petition, the memorandum in support of the petition, the declaration of his counsel, the HRCP Rule 68 Offer of Settlement, the "Joint-Tortfeasor Release and Indemnity Agreement," and a reply memorandum to Kaina's memorandum in opposition. Kaina submitted her memorandum in opposition, her counsel's declaration, and several exhibits, including depositions of Lyckman and Befitel, Lyckman's automobile insurance policy, and Befitel's statement of the case.

Based on the information provided to the circuit court, the circuit court did not abuse its discretion in determining that Lyckman and Befitel had entered into a good faith settlement agreement. Of note, it is undisputed that Befitel rear-ended Lyckman, and moreover, that Kaina rear-ended Befitel. Furthermore, Kaina's evidence and opposition did not provide a

clear indication of Lyckman's likely degree of liability or the realistic approximate damages that Befitel sought resulting from the accident with Lyckman and Kaina, as opposed to the other two accidents. Moreover, the record does not support Kaina's assertion that the circuit court only considered fraud, collusion or other wrongful conduct.

Finally, with regard to Kaina's third point of error, she argues that the settlement was not made in good faith because Lyckman had greater liability than $5,000 and had a $100,000 insurance policy. She also suggests that Lyckman was responsible for the entire accident because "but for" Lyckman hitting Uyeda, there would have been no accident.

As noted in Troyer, the legislative history of HRS § 663-15.5 indicates that "the legislature[] . . . was more interested in encouraging settlements than ensuring the equitable apportionment of liability." Troyer, 102 Hawaiʻi at 426, 77 P.3d at 110. Further, given the legislature's intent to simplify procedures and reduce costs related to joint tortfeasor claims, a good faith settlement determination does not require the court to hold a "mini-trial" to ascertain a party's proportionate liability. Troyer, 102 Hawaiʻi at 426, 77 P.3d at 110. Finally, "the price of a settlement alone rarely appears to be the outcome-dispositive factor regarding a settlement's bad faith." Id. at 427, 77 P.3d at 111.

Moreover, liability with regard to the subject accident was far from clear. HRS § 291C-50(a) (2007 Repl.) provides that "[t]he driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." "In the absence of evidence of unanticipated circumstances, contributory negligence, or great following

9

distance in relation to speed, the weight of authority holds the driver of the following vehicle liable for rear-end collisions." Tsugawa v. Reinartz, 56 Haw. 67, 73, 527 P.2d 1278, 1283 (1974) (footnote omitted). Given the potential that Befitel, rather than Lyckman, could be held liable for her impact with Lyckman's vehicle, the circuit court could reasonably conclude that the settlement was made in good faith. That is, it is reasonable to believe that Befitel was unwilling to risk the possibility that she would not get a better result at trial and would thus become responsible for the costs incurred after the offer was made, pursuant to HRCP Rule 68.

Based on the above, the circuit court did not abuse its discretion when it determined that the settlement agreement between Lyckman and Befitel was made in good faith.

III. Conclusion

For the foregoing reasons, the "Order Granting Defendant and Third-Party Plaintiff Harry N. Lyckman's Petition for Hearing on the Issue of Good Faith Settlement," filed on August 18, 2010, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 18, 2013.

On the briefs:

Dean E. Ochiai
Brenda E. Morris
Randall Y. Kaya
Adrian Y. Chang
(Law Offices of Dean E. Ochiai)
for Defendant and Third-Party
Defendant-Appellant Diana Kaina

Cary T. Tanaka
Greg H. Takase
(Law Offices of Cary T. Tanaka)
for Defendant and Third-Party
Plaintiff-Appellee Harry N. Lyckman

*Chief Judge*

*Associate Judge*

*Associate Judge*